# EXHIBIT A

**Lee, Rachel**

| | |
|---|---|
| **From:** | olmsted <olmsted7p@earthlink.net> |
| **Sent:** | Sunday, November 03, 2013 6:15 PM |
| **To:** | Dacier, Paul T. |
| **Cc:** | Lee, Rachel |
| **Subject:** | Rule 14a-8 Proposal (EMC)`` |
| **Attachments:** | CCE00001.pdf |

Mr. Dacier,
Please see the attached Rule 14a-8 Proposal.
Sincerely,
John Chevedden

1

James McRitchie
9295 Yorkship Court
Elk Grove, CA 95758

Mr. Joseph M. Tucci
Chairman of the Board
EMC Corporation (EMC)
176 South Street
Hopkinton, MA 01748

Dear Mr. Tucci,

I purchased stock and hold stock in our company because I believed our company has unrealized potential. I believe some of this unrealized potential can be unlocked by making our corporate governance more competitive. And this will be virtually cost-free and not require lay-offs.

My proposal is for the next annual shareholder meeting. I will meet Rule 14a-8 requirements including the continuous ownership of the required stock value until after the date of the respective shareholder meeting. My submitted format, with the shareholder-supplied emphasis, is intended to be used for definitive proxy publication. This is my proxy for John Chevedden and/or his designee to forward this Rule 14a-8 proposal to the company and to act on my behalf regarding this Rule 14a-8 proposal, and/or modification of it, for the forthcoming shareholder meeting before, during and after the forthcoming shareholder meeting. Please direct all future communications regarding my rule 14a-8 proposal to John Chevedden
(PH: 310-371-7872, 2215 Nelson Ave., No. 205, Redondo Beach, CA 90278) at:
olmsted7p (at) earthlink.net
to facilitate prompt and verifiable communications. Please identify this proposal as my proposal exclusively.

This letter does not cover proposals that are not rule 14a-8 proposals. This letter does not grant the power to vote. Your consideration and the consideration of the Board of Directors is appreciated in support of the long-term performance of our company. Please acknowledge receipt of my proposal promptly by email to olmsted7p (at) earthlink.net

Sincerely,

*J. McRitchie* (signature)                    10/21/2013

James McRitchie                                Date

cc: Paul Dacier   <dacier_paul@emc.com>
Corporate Secretary
T: 508 435-1000
Fax: 508-497-6912
FX: 508-497-8079
Rachel C. Lee   <Lee_Rachel@emc.com>

[EMC: Rule 14a-8 Proposal, November 3, 2013]
**Proposal 4\* – Independent Board Chairman**

RESOLVED: Shareholders request that our Board of Directors to adopt a policy, and amend other governing documents as necessary to reflect this policy, to require the Chair of our Board of Directors to be an independent member of our Board. This independence requirement shall apply prospectively so as not to violate any contractual obligation at the time this resolution is adopted. Compliance with this policy is waived if no independent director is available and willing to serve as Chair. The policy should also specify how to select a new independent chairman if a current chairman ceases to be independent between annual shareholder meetings.

When our CEO is also our board chairman, this arrangement can hinder our board's ability to monitor our CEO's performance. Many companies already have an independent Chairman. An independent Chairman is the prevailing practice in the United Kingdom and many international markets. This proposal topic won 50%-plus support at 5 major U.S. companies in 2013 including 73%-support at Netflix.

This proposal should also be more favorably evaluated due to our Company's clearly improvable environmental, social and corporate governance performance as reported in 2013:

GMI Ratings, an independent investment research firm, rated our board D. Directors David Strohm (Lead Director), Gail Deegan, Windle Priem and John Egan each had 10 to 21 years long-tenure. Long-tenured directors can form relationships that may compromise their independence and therefore hinder their ability to provide effective management oversight. Long-tenured directors controlled 7 of the 12 seats on our most important board committees. In regard to over-committed directors, CEO Joseph Tucci was on 3 company boards, Michael Brown was on 4 and John Egan was on 5. Not one independent director had expertise in risk management.

In regard to executive pay there was $17 million for Joseph Tucci. EMC can give long-term incentive pay to Mr. Tucci for below-median performance. Unvested equity pay would not lapse upon CEO termination. Our company did not link environmental or social performance to its incentive pay policies. There was a 21% negative vote for EMC executive pay in 2013.

EMC's environmental impact disclosure practices, as reported by environmental specialist Trucost, were significantly worse than its sector peers. EMC also did not disclose a policy that prohibits or allows direct engagement in corporate-level political activities through campaign contributions or other endorsements of political parties or candidates.

EMC had a unilateral right to amend our company's bylaws and articles / constitution without shareholder approval. EMC had the ability to issue blank-check preferred stock as a management takeover defense. EMC Corporation had a higher shareholder class action litigation risk than 94% of all rated companies.

Returning to the core topic of this proposal from the context of our clearly improvable corporate governance, please vote to protect shareholder value:
**Independent Board Chairman – Proposal 4\***

Notes:
James McRitchie, 9295 Yorkship Court, Elk Grove, CA 95758 sponsored this proposal.

Please note that the title of the proposal is part of the proposal.
If the company thinks that any part of the above proposal, other than the first line in brackets, can be omitted from proxy publication simply based on its own reasoning, please obtain a written agreement from the proponent.

*Number to be assigned by the company.
**Asterisk to be removed for publication.**

This proposal is believed to conform with Staff Legal Bulletin No. 14B (CF), September 15, 2004 including (emphasis added):

> Accordingly, going forward, we believe that it would not be appropriate for companies to exclude supporting statement language and/or an entire proposal in reliance on rule 14a-8(I)(3) in the following circumstances:
> - the company objects to factual assertions because they are not supported;
> - the company objects to factual assertions that, while not materially false or misleading, may be disputed or countered;
> - the company objects to factual assertions because those assertions may be interpreted by shareholders in a manner that is unfavorable to the company, its directors, or its officers; and/or
> - the company objects to statements because they represent the opinion of the shareholder proponent or a referenced source, but the statements are not identified specifically as such.
>
> ***We believe that it is appropriate under rule 14a-8 for companies to address these objections in their statements of opposition.***

See also: Sun Microsystems, Inc. (July 21, 2005).
Stock will be held until after the annual meeting and the proposal will be presented at the annual meeting. Please acknowledge this proposal promptly by email [olmsted7p (at) earthlink.net].