# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EMC CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| JOHN CHEVEDDEN and | ) |
| JAMES MCRITCHIE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Civil Action
No. 1:14-cv-10233-MLW

**ORAL ARGUMENT
REQUESTED**

## PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT
## OF ITS MOTION FOR SUMMARY JUDGMENT OR, IN
## THE ALTERNATIVE, A PRELIMINARY INJUNCTION

NUTTER McCLENNEN & FISH LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts 02210-2604
Phone: (617) 439-2421
Fax: (617) 310-9421

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Phone: (212) 351-4000
Fax: (212) 351-4035

Attorneys for Plaintiff EMC Corporation

March 4, 2014

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

TABLE OF ABBREVIATIONS ........................................................................................... viii

INTRODUCTION ................................................................................................................. 1

FACTUAL AND PROCEDURAL UPDATE ......................................................................... 2

ARGUMENT ........................................................................................................................ 3

I.    THERE IS NO BASIS FOR ANY OF DEFENDANTS' THEORIES AS TO
WHY THE MERITS OF THIS ACTION SHOULD NOT BE ADJUDICATED ........... 3

    A.    EMC Has Article III Standing ............................................................... 3

    B.    All Of The Relevant Factors Weigh In Favor Of Adjudicating
The Merits Of EMC's Request For Declaratory Relief ........................... 6

    C.    EMC Has Not Waived Its Right To Request A Declaratory Judgment ................. 11

    D.    EMC Has A Private Right Of Action ..................................................... 12

    E.    The SEC Is Not An Indispensable Party ................................................. 14

II.    SUMMARY JUDGMENT SHOULD BE GRANTED IN EMC'S FAVOR ................. 15

    A.    Defendants Do Not Dispute Any Of The Facts Set Forth In EMC's
Rule 56.1 Statement Of Undisputed Material Facts ................................. 15

    B.    The Undisputed Facts Make Clear That Chevedden Does Not Satisfy
The Threshold Eligibility Requirement That A Shareholder Proposal
Be Made By An Actual Shareholder ...................................................... 16

    C.    The Undisputed Facts Make Clear That The Chevedden Proposal
Is Defective On Multiple Grounds ........................................................ 17

III.    ALTERNATIVELY, A PRELIMINARY INJUNCTION SHOULD BE ENTERED ... 18

CONCLUSION .................................................................................................................... 20

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*AFSCME v. Am. Int'l Grp., Inc.*,
  462 F.3d 121 (2d Cir. 2006) ........................................................................ 12, 14

*Agostini v. Felton*,
  521 U.S. 203 (1997) ............................................................................................ 13

*Alexander v. Sandoval*,
  532 U.S. 275 (2001) ............................................................................................ 13

*Already, LLC v. Nike, Inc.*,
  133 S. Ct. 721 (2013) ............................................................................................ 6

*Ameribanc Investors Grp. v. Zwart*,
  706 F. Supp. 1248 (E.D. Va. 1989) .................................................................... 12

*Aoude v. Mobil Oil Corp.*,
  862 F.2d 890 (1st Cir. 1988) ............................................................................... 18

*Apache Corp. v. Chevedden*,
  696 F. Supp. 2d 723 (S.D. Tex. 2010) ................................................................ 12

*Bally Total Fitness Holding Corp. v. Liberation Invs., L.P.*,
  2005 WL 3525679 (D. Del. Dec. 22, 2005) ........................................................ 12

*Bender v. Jordan*,
  439 F. Supp. 2d 139 (D.D.C. 2006) ............................................................... 19, 20

*Biogen Inc. v. Schering AG*,
  954 F. Supp. 391 (D. Mass. 1996) ........................................................................ 7

*Calumet Indus., Inc. v. MacClure*,
  464 F. Supp. 19 (N.D. Ill. 1978) ......................................................................... 12

*Camelot Indus. Corp. v. Vista Res., Inc.*,
  535 F. Supp. 1174 (S.D.N.Y. 1982) .................................................................... 12

*Capital Real Estate Investors Tax Exempt Fund Ltd. P'ship v. Schwartzberg*,
  917 F. Supp. 1050 (S.D.N.Y. 1996) ............................................................... 12, 19

*Clapper v. Amnesty Int'l USA*,
  133 S. Ct. 1138 (2013) .......................................................................................... 4

*CNW Corp. v. Japonica Partners, L.P.*,
  874 F.2d 193 (3d Cir. 1989) ................................................................................ 12

**Page(s)**

*Companion Health Servs., Inc. v. Hirsch*,
  2007 WL 494998 (D. Mass. Feb. 13, 2007) ........................................................... 19

*Delcath Sys., Inc. v. Ladd*,
  2006 WL 2708459 (S.D.N.Y. Sept. 20, 2006) ........................................................ 12

*El Dia, Inc. v. Hernandez Colon*,
  963 F.2d 488 (1st Cir. 1992) ........................................................................... 9, 10

*Express Scripts Holding Co. v. Chevedden*,
  2014 WL 631538 (E.D. Mo. Feb. 18, 2014) ...................................................... *passim*

*Fed. Reserve Bank of Atlanta v. Thomas*,
  220 F.3d 1235 (11th Cir. 2000) ............................................................................ 9

*Fla. Commercial Banks v. Culverhouse*,
  772 F.2d 1513 (11th Cir.1985) ........................................................................... 12

*Gen. Time Corp. v. Talley Indus., Inc.*,
  403 F.2d 159 (2d Cir. 1968) .............................................................................. 12

*Greater Iowa Corp. v. McLendon*,
  378 F.2d 783 (8th Cir. 1967) ............................................................................ 12

*Hartford Fire Ins. Co. v. R.I. Public Transit Auth.*,
  233 F.3d 127 (1st Cir. 2000) ............................................................................... 7

*Hollywood Casino Corp. v. Simmons*,
  2002 WL 1610598 (N.D. Tex. July 18, 2002) ...................................................... 12

*In re Haas*,
  36 B.R. 683 (Bankr. N.D. Ill. 1984) .................................................................... 12

*In re Indian Motocycle Co.*,
  452 F.3d 25 (1st Cir. 2006) ................................................................................. 4

*In re Verilink Corp.*,
  2009 WL 5195948 (Bankr. N.D. Ala. Mar. 30, 2009) ........................................... 12

*Int'l Broad. Corp. v. Turner*,
  734 F. Supp. 383 (D. Minn. 1990) ...................................................................... 12

*Int'l Jensen Inc. v. Emerson Radio Corp.*,
  1997 WL 43229 (N.D. Ill. Jan. 24, 1997) ........................................................... 12

*J.I. Case Co. v. Borak*,
  377 U.S. 426 (1964) ........................................................................................ 12

*KBR v. Chevedden,*
478 F. App'x 213 (5th Cir. 2012) ...................................................................................... *passim*

*KBR Inc. v. Chevedden,*
776 F. Supp. 2d 415 (S.D. Tex. 2011) .................................................................................. 15

*KBR Inc. v. Chevedden,*
2011 WL 1463611 (S.D. Tex. Apr. 4, 2011) ..................................................................... 8, 15

*Landegger v. Cohen,*
2013 WL 5951706 (D. Colo. Nov. 17, 2013) ......................................................................... 14

*Lichtenberg v. Besicorp Grp.,*
43 F. Supp. 2d 376 (S.D.N.Y. 1999) ...................................................................................... 19

*Lone Star Steakhouse & Saloon, Inc. v. Adams,*
148 F. Supp. 2d 1141 (D. Kan. 2001) ..................................................................................... 12

*Mason-Dixon Bancshares, Inc. v. Anthony Invs., Inc.,*
1997 WL 33482710 (D. Md. Mar. 3, 1997) ........................................................................... 12

*Maurice Sedwell, Ltd. v. Novak,*
2010 WL 3385329 (D. Mass. Aug. 24, 2010) ........................................................................ 16

*May Dep't Stores v. Emps. Ret. Sys. of Ala.,*
1993 WL 362389 (S.D.N.Y. Sept. 14, 1993) ....................................................................... 7, 14

*McCarthy v. Madigan,*
503 U.S. 140 (1992) ................................................................................................................ 11

*MedImmune, Inc. v. Genentech, Inc.,*
549 U.S. 118 (2007) ............................................................................................................... 5, 6

*Medtronic, Inc. v. Mirowski Family Ventures, LLC,*
134 S. Ct. 843 (2014) ............................................................................................................. 5, 6

*meVC Draper Fisher Jurvetson Fund I, Inc. v. Millenium Partners, L.P.,*
260 F. Supp. 2d 616 (S.D.N.Y. 2003) .................................................................................... 12

*N.Y. City Empls.' Ret. Sys. v. SEC,*
45 F.3d 7 (2d Cir. 1995) ...................................................................................................... 8, 14

*OHI Asset (CT) Lender, LLC v. Woodland Manor Improvement Ass'n,*
687 F. Supp. 2d 12 (D.R.I. 2010) ............................................................................................. 9

*ONBANCorp., Inc. v. Holtzman,*
956 F. Supp. 250 (N.D.N.Y. 1997) ......................................................................................... 12

*Rauchman v. Mobil Corp.,*
739 F.2d 205 (6th Cir. 1984) ..................................................... 14

*Roosevelt v. E.I. Du Pont de Nemours & Co.,*
958 F.2d 416 (D.C. Cir. 1992) ........................................ 8, 12, 13, 15

*Ross-Simons of Warwick, Inc. v. Baccarat, Inc.,*
102 F.3d 12 (1st Cir. 1996) ....................................................... 19

*Salemeh v. Duval,*
2014 U.S. Dist. LEXIS 21858 (D. Mass. Feb. 21, 2014) ...................... 16

*Samsung Elecs. Co., Ltd. v. ON Semiconductor Corp.,*
541 F. Supp. 2d 645 (D. Del. 2008)............................................. 10

*Scottsdale Ins. Co. v. Detco Indus. Inc.,*
426 F.3d 994 (8th Cir. 2005) .................................................... 9

*SEC v. Bank of Am. Corp.,*
2010 WL 624581 (S.D.N.Y. Feb. 22, 2010)...................................... 6

*SEC v. Transamerica Corp.,*
163 F.2d 511 (3d Cir. 1947) ..................................................... 6

*Sherwin-Williams Co. v. Holmes Cnty.,*
343 F.3d 383 (5th Cir. 2003) .................................................... 9

*Solis v. Home Ins. Co.,*
2011 WL 3841583 (D.N.H. Aug. 30, 2011)....................................... 9

*Sony Elecs., Inc. v. Guardian Media Techs., Ltd.,*
497 F.3d 1271 (Fed. Cir. 2007) .................................................. 5

*South Boston Allied War Veterans Council v. City of Boston,*
875 F. Supp. 891 (D. Mass. 1995) ............................................. 7, 8

*Standard Fire Ins. Co. v. Gordon,*
376 F. Supp. 2d 218 (D.R.I. 2005) ............................................ 8, 9

*Steffel v. Thompson,*
415 U.S. 452 (1974)............................................................. 18

*Stonkus v. City of Brockton Sch. Dep't,*
322 F.3d 97 (1st Cir. 2003)..................................................... 16

*Touche Ross & Co. v. Redington,*
442 U.S. 560 (1979)............................................................. 12

**Page(s)**

*Tracinda Corp. v. DaimlerChrysler AG,*
    502 F.3d 212 (3d Cir. 2007) ............................................................................... 12, 14

*United States v. Symonevich,*
    688 F.3d 12 (1st Cir. 2012) ..................................................................................... 13

*Verizon New England, Inc. v. Int'l Bhd. of Elec. Workers, Local No. 2322,*
    651 F.3d 176 (1st Cir. 2011) ..................................................................................... 7

*Virginia Bankshares, Inc. v. Sandberg,*
    501 U.S. 1083 (1991) ............................................................................................... 12

*Waste Connections, Inc. v. Chevedden,*
    __ F. App'x __, 2014 WL 554566 (5th Cir. Feb. 13, 2014) ............................... *passim*

*Water Pik, Inc. v. Med-Sys., Inc.,*
    2011 WL 843916 (D. Colo. Mar. 8, 2011) ............................................................... 9

*Wilton v. Seven Falls Co.,*
    515 U.S. 277 (1995) ................................................................................................... 7

*Wisniewski v. Rodale, Inc.,* 510 F.3d 294 (3d Cir. 2007) ....................................................... 14

**Statutes, Rules, And Regulations**

15 U.S.C. § 78n(a) ................................................................................... 6, 12, 13, 14

15 U.S.C. § 78aa ................................................................................................................ 8

17 C.F.R. § 240.14a-8 ................................................................................................ *passim*

17 C.F.R. § 240.14a-8(e)(2) ........................................................................................... 10

17 C.F.R. § 240.14a-8(i)(3) ............................................................................................ 18

17 C.F.R. § 240.14a-9 ..................................................................................................... 18

Fed. R. Civ. P. 19(a) ....................................................................................................... 15

Fed. R. Civ. P. 19(b) ....................................................................................................... 15

Fed. R. Civ. P. 56(e) ....................................................................................................... 16

Local R. 56.1 ........................................................................................................ 1, 15, 16

**TABLE OF AUTHORITIES**
(continued)

Page(s)

**SEC Releases And Bulletins**

SEC Div. of Corp. Fin., Informal Procedures Regarding Shareholder Proposals, *available at* http://www.sec.gov/divisions/corpfin/cf-noaction/14a-8-informal-procedures.htm ...... 10, 11

SEC Staff Legal Bulletin No. 14,
  2001 WL 34886112 (July 13, 2001) ........................................................................ 11

SEC Staff Legal Bulletin No. 14B,
  2004 WL 3711971 (Sept. 15, 2004) ........................................................................ 18

SEC Staff Legal Bulletin No. 14F,
  2011 WL 4957509, (Oct. 18, 2011) ........................................................................ 10

Statement of Informal Procedures for the Rendering of Staff Advice with
  Respect to Shareholder Proposals, 41 Fed. Reg. 29,989 (July 7, 1976) ........................ 5, 8, 11

**SEC No Action Letters**

*Boise Cascade Corp.*,
  2001 WL 78277 (Jan. 23, 2001) ............................................................................. 18

*Coca-Cola Co.*,
  2014 WL 316667 (Jan. 16, 2014) ........................................................................... 10

*McKesson Corp.*,
  2013 WL 1343574 (Apr. 17, 2013) .......................................................................... 17

*TRW Inc.*,
  2001 SEC No-Act. LEXIS 102 (Jan. 24, 2001) ......................................................... 17

**Treatises**

Broc Romanek, Shareholder Proposals Handbook Practice Guide & Toolkit (May 2013) ........... 5

## **TABLE OF ABREVIATIONS**

| | |
|---|---|
| ***Apache*** | *Apache Corp. v. Chevedden*, No. 4:12-cv-00137 (S.D. Tex.) |
| **Chevedden** | John Chevedden |
| **Chevedden Proposal or Proposal** | Purported shareholder proposal to EMC submitted by John Chevedden |
| **Company** | EMC Corporation |
| **Defendants** | John Chevedden and James McRitchie |
| **Defs. 2/19 Br.** | Defendants' Reply Memorandum for their Motion to Dismiss, filed Feb. 19, 2014 (ECF No. 26). |
| **Defs. 2/20 Br.** | Defendants' Memorandum in Opposition to Plaintiff's Motion for Summary Judgment or a Preliminary Injunction, filed Feb. 20, 2014 (ECF No. 27). |
| **EMC** | EMC Corporation |
| **Exchange Act** | Securities Exchange Act of 1934, as amended |
| ***Express Scripts*** | *Express Scripts Holding Co. v. Chevedden*, No. 4:13-CV-2520 (E.D. Mo.) |
| **(Ex. __)** | Exhibit to the Declaration of Rachel Lee, dated Feb. 4, 2014 (ECF No. 15) |
| ***KBR*** | *KBR Inc. v. Chevedden*, No. 3:11-cv-00196 (S.D. Tex.), *aff'd*, No. 11-20921 (5th Cir.) |
| **McRitchie** | James McRitchie |
| **Plaintiff** | EMC Corporation |
| **(Roffman Ex.)** | Exhibit to the Declaration of Ian D. Roffman, dated Feb. 4, 2014 (ECF No. 16), or the Declaration of Ian D. Roffman, dated March 4, 2014. |
| **Rule 14a-8** | 17 C.F.R. § 240.14a-8 |
| **SEC** | Securities and Exchange Commission |
| **SOF** | Plaintiff's Statement of Material Facts as to Which There is No Genuine Dispute, dated Feb. 4, 2014 (ECF No. 14) |
| ***Waste Connections*** | *Waste Connections, Inc. v. Chevedden, et al.*, No. 4:13-cv-00176, (S.D. Tex.), *aff'd*, No. 13-20336 (5th Cir.) |

Plaintiff EMC Corporation respectfully submits this reply memorandum of law in support of its motion for summary judgment or, in the alternative, a preliminary injunction.

## <u>INTRODUCTION</u>

Defendants' opposition underscores that EMC's motion should be granted. *First*, Defendants do not dispute any of the facts set forth in EMC's Rule 56.1 Statement of Undisputed Material Facts. *Second*, Defendants do not dispute that Chevedden is not an EMC shareholder, and that a non-shareholder's submission of a "proxy-proposal-by-proxy" is improper under applicable SEC rules. *Third*, Defendants do not dispute that the Chevedden Proposal is (i) vague and indefinite; (ii) contains false and misleading information; (iii) contains statements that are irrelevant to the Proposal; and (iv) refers to non-public reports the contents of which cannot be verified. Thus, there is essentially no dispute on the merits that EMC should prevail on its claims.

Rather than contest the merits of EMC's claims, Defendants ask this Court to *never* adjudicate the merits of EMC's claims on a variety of grounds, including that EMC and other public companies are employing a "let's do an end run around the SEC and sue Chevedden" strategy that is "abusive." Defs. 2/20 Br. at 3. As multiple courts have found, however, it is Chevedden who is "abusing" the proxy proposal process by repeatedly submitting purported shareholder proposals that do not comply with applicable SEC requirements. *See, e.g.*, *Waste Connections, Inc. v. Chevedden*, __ F. App'x __, 2014 WL 554566 (5th Cir. Feb. 13, 2014); *Express Scripts Holding Co. v. Chevedden*, 2014 WL 631538 (E.D. Mo. Feb. 18, 2014).

As explained herein, each of the grounds that Defendants advance for evading review of the merits is unsupported by both the law and the facts. Accordingly, EMC respectfully requests that the Court adjudicate the merits of this case, and grant its motion for summary judgment or, in the alternative, a preliminary injunction.

# FACTUAL AND PROCEDURAL UPDATE

On February 7, 2014, after EMC filed its motion for summary judgment or a preliminary injunction on February 4, 2014 (ECF Nos. 12-18), Defendants filed a motion to dismiss. (ECF No. 19). EMC filed its opposition to Defendants' motion to dismiss on February 11, 2014. (ECF No. 21). On February 14, 2014, the Court granted expedited proceedings in this action. (ECF No. 23). The Court directed Defendants to file their opposition to EMC's motion for summary judgment or a preliminary injunction by February 20, 2014, and that any additional pleadings be filed by March 4, 2014. (ECF No. 25).

In a letter to EMC's counsel dated February 17, 2014, Chevedden stated that he and McRitchie "irrevocably promise not to sue EMC" if the Chevedden Proposal were excluded from EMC's proxy materials. (Roffman Ex. 1).[1] On February 18, 2014, EMC sent a letter asking Defendants to clarify whether they were withdrawing the Chevedden Proposal:

> We are in receipt of your February 17, 2014 letter "irrevocably promis[ing] not to sue EMC Corporation." As you know, you provided KBR Inc. and Waste Connections, Inc. with the same "irrevocable promise" not to sue, but both the district court and the court of appeals in each instance rejected your argument that your "irrevocable promise" not to sue deprived the companies of Article III standing. . . .
>
> As was the case in *KBR* and *Waste Connections*, there has been no unconditional withdrawal of the purported shareholder proposal. If it is now your intention to unconditionally withdraw the purported shareholder proposal that was previously sent by Mr. Chevedden for inclusion in EMC's proxy materials, please confirm the withdrawal by midnight on February 19, 2014.

(Roffman Ex. 2).

Defendants did not withdraw the Proposal. Instead, Defendants filed a reply brief for their motion to dismiss on February 19, 2014, and a brief in opposition to EMC's motion for summary judgment or a preliminary injunction on February 20, 2014. (ECF Nos. 26-27).

---

[1] References in the form (Roffman Ex. __) are to the Declaration of Ian D. Roffman, dated February 4, 2014 (ECF No. 16), which contains Exhibits A-Q, and the Declaration of Ian D. Roffman, dated March 4, 2014, which contains Exhibits 1-14.

In a letter to EMC's counsel dated February 26, 2014, Chevedden stated that he and McRitchie "irrevocably promise not to attempt to present" the Proposal at the 2014 annual meeting if EMC excludes the Proposal from its proxy materials. (Roffman Ex. 3). On February 27, 2014, EMC sent a letter asking Defendants to clarify whether they were withdrawing the Chevedden Proposal:

> Absent your unconditional withdrawal of the purported shareholder proposal at issue in *EMC Corporation v. Chevedden et al.*, No. 1:14-cv-10233 (D. Mass.), EMC is faced with the Hobson's choice of including what it believes to be an improper shareholder proposal in its proxy materials or excluding the proposal, which "could lead directly to an SEC enforcement action or liability from other shareholders." *Waste Connections, Inc. v. Chevedden*, __ F. App'x __, 2014 WL 554566, at *3 (5th Cir. Feb. 13, 2014).
>
> Your February 26, 2014 letter does not appear to withdraw the purported shareholder proposal. If it is your intention to unconditionally withdraw the purported shareholder proposal that was previously sent by Mr. Chevedden for inclusion in EMC's proxy materials, please confirm the withdrawal in writing by 5:00 p.m. ET on February 28, 2014. . . .

(Roffman Ex. 4).

Defendants did not respond to the February 27, 2014 letter and have not withdrawn the Chevedden Proposal.

## ARGUMENT

## I. THERE IS NO BASIS FOR ANY OF DEFENDANTS' THEORIES AS TO WHY THE MERITS OF THIS ACTION SHOULD NOT BE ADJUDICATED

Defendants advance multiple theories as to why the merits of this action should not be adjudicated.[2] Each is unavailing.

### A. EMC Has Article III Standing

Courts have repeatedly held that public companies such as EMC have Article III standing to seek a declaratory judgment that an improper shareholder proposal need not be included in

---

[2] Defendants have made overlapping arguments as to why the merits of this action should not be adjudicated in both their February 19, 2014 reply brief for the motion to dismiss and their February 20, 2014 brief in opposition to EMC's motion for summary judgment or a preliminary injunction. (ECF Nos. 26-27). EMC responds herein to the arguments in both briefs.

company proxy materials. *See, e.g., Waste Connections*, 2014 WL 554566, at *2 (rejecting

argument by Chevedden and McRitchie that "WCN lacks standing because WCN's injury is not

'certainly impending'"); *KBR v. Chevedden*, 478 F. App'x 213, 215 (5th Cir. 2012) (rejecting

argument that "[Chevedden's] conflict with KBR lacks sufficient immediacy and reality to be a

justiciable dispute under the Declaratory Judgment Act, 28 U.S.C. § 2201"); *Apache* Final

Judgment (Roffman Ex. 5) ("This Court now grants Apache's request for declaratory judgment

and orders that Apache may exclude Chevedden's proposal from its proxy statement.").

Defendants do not cite any case to the contrary. Instead, Defendants contend that all of

these cases have been "superseded" by *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138 (2013).

*See* Defs. 2/19 Br. at 1-4 & n.2. *Clapper*, however, does not even discuss Article III standing in

the declaratory judgment context. *See In re Indian Motocycle Co.*, 452 F.3d 25, 29 & n.3 (1st

Cir. 2006) (explaining distinct Article III analyses for different types of cases, including

declaratory judgment cases). Moreover, as the Fifth Circuit explained just last month, "[u]nlike

the plaintiffs in *Clapper* whose alleged injury depended on a 'chain of events' and therefore, was

not 'certainly impending,' . . . the exclusion of the Defendants' proposal [by the company] could

lead directly to an SEC enforcement action or liability from other shareholders." *Waste

Connections*, 2014 WL 554566, at *2; *see also Express Scripts*, 2014 WL 631538, at *4-6

(granting summary judgment in post-*Clapper* action and entering declaratory judgment that

company may exclude Chevedden proposal).

Contrary to Defendants' assertion that the Court must determine that there is a "high

probability" of a suit by Defendants, a suit by an EMC shareholder, or an SEC enforcement

action in order to find Article III standing (Defs. 2/19 Br. at 5), the Supreme Court reiterated just

six weeks ago in a post-*Clapper* decision that the "likelihood" of an adverse suit is not the

relevant question and that the prospect of a coercive suit that could be, but has not been, brought

against the declaratory-judgment plaintiff establishes an Article III injury in fact: "*Amicus* says that an infringement suit would be unlikely. But that is not the relevant question. The relevant question concerns the nature of the threatened action in the absence of the declaratory judgment suit." *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 134 S. Ct. 843, 848 (2014). Similarly, in *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007), the Supreme Court specifically rejected a "reasonable apprehension of suit" test for establishing Article III standing in a declaratory judgment action and held that the Article III case or controversy requirement was satisfied where the declaratory-judgment plaintiff faced the prospect of an adverse suit. *Id.* at 128, 132 n.11; *see also Sony Elecs., Inc. v. Guardian Media Techs., Ltd.*, 497 F.3d 1271, 1283-84 (Fed. Cir. 2007) ("In *MedImmune*, however, the Supreme Court abrogated our 'reasonable apprehension of suit' test . . . . As a result, our post-*MedImmune* decisions . . . have made clear that a declaratory judgment plaintiff does not need to establish a reasonable apprehension of a lawsuit in order to establish that there is an actual controversy.").

Thus, the law is clear that it is the prospect of a coercive suit that could be, but has not been, brought against the declaratory-judgment plaintiff, not speculation about the "likelihood" of an adverse suit, that establishes an Article III injury in fact. Here, there is no dispute that, absent a declaratory judgment in this action, exclusion of the Chevedden Proposal from EMC's proxy materials "could lead directly to an SEC enforcement action or liability from other [EMC] shareholders." *Waste Connections*, 2014 WL 554566, at *2; *see also* SEC Statement of Informal Procedures, 41 Fed. Reg. at 29,990 ("[N]othing the [SEC] or its staff does or omits to do in connection with [shareholder] proposals affects the right of the proponent, *or any shareholder for that matter*, to institute a private action with respect to the management's intention to omit that proposal from its proxy materials.") (emphasis added); Broc Romanek, Shareholder Proposals Handbook Practice Guide & Toolkit, at 3-22, 3-36 (May 2013) (Roffman Ex. 6)

(explaining that omission of shareholder proposal could result in company's proxy materials being "deemed misleading" and "subject to an SEC enforcement action").[3]

It makes no difference that Defendants have "irrevocably promised not to sue EMC if it excludes their proposal." Defs. 2/20 Br. at 5. Because Defendants refuse to withdraw the Chevedden Proposal (Roffman Ex. 4), EMC faces the dilemma of either including a defective shareholder proposal at the risk of shareholder confusion and a tainted vote at the 2014 annual meeting, or excluding the proposal and exposing itself to potential litigation by an EMC shareholder or an SEC enforcement action. *See Waste Connections*, 2014 WL 554566, at *2 & n.2 (rejecting argument that "WCN's claim became moot as a result of the Defendants' promise not to sue WCN if it excluded their proposal" and explaining that *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721 (2013) was "inapposite" because the possibility of a lawsuit or a regulatory action against the plaintiff there was completely eliminated); *KBR*, 478 F. App'x at 215 (rejecting argument that action was mooted by his promise not to sue KBR if it excluded his proposal).

Consistent with *Medtronic* and *MedImmune*, EMC has Article III standing to seek declaratory relief because exclusion of the Chevedden Proposal from EMC's proxy materials "could lead directly to an SEC enforcement action or liability from other [EMC] shareholders." *Waste Connections*, 2014 WL 554566, at *2.

### B. All Of The Relevant Factors Weigh In Favor Of Adjudicating The Merits Of EMC's Request For Declaratory Relief

As a fallback, Defendants ask this Court to "exercise its discretion" to deny EMC's request for declaratory relief. Defs. 2.20 Br. at 4. Defendants do not cite a single case, however,

---

[3]  The SEC has brought a number of enforcement actions against public companies for alleged violations of Section 14(a) and the SEC rules promulgated thereunder. *See, e.g.*, *SEC v. Transamerica Corp.*, 163 F.2d 511 (3d Cir. 1947); *SEC v. Am. Equity Inv. Life Holding Co.*, No. 4:10-cv-00087-JAJ-CFB (S.D. Iowa Mar. 3, 2010) (Roffman Ex. 7); *SEC v. Bank of Am. Corp.*, 2010 WL 624581, at *6 (S.D.N.Y. Feb. 22, 2010); *SEC v. Tyson Foods, Inc.*, No. 1:05-cv-00841-JDB (D.D.C. Apr. 28, 2005) (Roffman Ex. 8); *SEC v. Wachovia Corp.*, No. 1:04-cv-01911-PLF (D.D.C. Nov. 4, 2004) (Roffman Ex. 9).

in which a court has declined to adjudicate the merits of a declaratory judgment action brought by a public company such as EMC regarding the propriety of a purported shareholder proposal. Nor could they. Courts have consistently adjudicated the merits of declaratory judgment actions brought by public companies regarding the propriety of purported shareholder proposals. *See*, *e.g.*, *Waste Connections*, 2014 WL 554566, at *2; *KBR*, 478 F. App'x at 215; *Express Scripts*, 2014 WL 631538, at *4-6; *Apache* Final Judgment (Roffman Ex. 5); *May Dep't Stores v. Emps. Ret. Sys. of Ala.*, 1993 WL 362389, at *2 (S.D.N.Y. Sept. 14, 1993).

Although "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act," *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995), "[s]uch discretion is not unfettered . . . and must be exercised in accordance with the principles of the Declaratory Judgment Act and sound judicial administration." *Biogen Inc. v. Schering AG*, 954 F. Supp. 391, 397 (D. Mass. 1996) (Wolf, J.) (denying motion to dismiss declaratory judgment action).

Here, all of the relevant factors weigh in favor of adjudicating the merits of EMC's request for declaratory relief. *See S. Boston Allied War Veterans Council v. City of Boston*, 875 F. Supp. 891, 906 (D. Mass. 1995) (Wolf, J.) ("Consideration of the relevant factors persuades the court that it would not be appropriate at this point to decline to decide the [plaintiff's] request for declaratory relief").

*First*, "the sought-after declaration would be of practical assistance in setting the underlying controversy to rest." *Verizon New England, Inc. v. Int'l Bhd. of Elec. Workers, Local No. 2322*, 651 F.3d 176, 188 (1st Cir. 2011); *see also Hartford Fire Ins. Co. v. R.I. Public Transit Auth.*, 233 F.3d 127, 132 (1st Cir. 2000) (holding that district court erred in refusing to entertain declaratory judgment action because the plaintiff's legal obligations remained "unsettled" in the absence of declaratory relief).

As Defendants acknowledge, "the parties disagree" as to whether the Chevedden Proposal satisfies the applicable SEC requirements for inclusion in EMC's proxy materials, and the SEC staff can at most provide a nonbinding "advisory opinion."   Defs. 2/20 Br. at 1, 5; *see also N.Y. City Empls.' Ret. Sys. v. SEC*, 45 F.3d 7, 13 (2d Cir. 1995) ("*NYCER*") ("the [SEC] no-action letter does not affix any legal relationships"); SEC Statement of Informal Procedures, 41 Fed. Reg. at 29,990 ("[T]he Commission and its staff do not purport in any way to issue 'rulings' or 'decisions' on shareholder proposals management indicates it intends to omit, and they do not adjudicate the merits of a management's posture concerning such a proposal.").  Moreover, there is no dispute that time is of the essence because EMC's annual meeting is scheduled for April 30, 2014, and EMC's proxy materials must be finalized by March 14, 2014.  SOF ¶¶ 4-7; Declaration of Rachel Lee, dated February 4, 2014, ¶¶ 5-7 (ECF No. 15).  *See War Veterans Council*, 875 F. Supp. at 906-07 (addressing merits of declaratory judgment action where "time is of the essence").

Entering a declaratory judgment in this case will "promote wise judicial administration by clarifying the parties' legal relations vis-à-vis each other" and "affording [EMC] relief from the uncertainty" as to whether the exclusion of the Chevedden Proposal would lead to litigation by its shareholders and an enforcement action by the SEC.  *Standard Fire Ins. Co. v. Gordon*, 376 F. Supp. 2d 218, 234 (D.R.I. 2005).

*Second*, there is no alternative forum for this action.  Federal courts have exclusive jurisdiction over Exchange Act claims, *see* 15 U.S.C. § 78aa, and any views that the SEC staff expresses during its "quick and informal" reviews of "no-action" letters are "nonbinding for all concerned."  *Roosevelt v. E.I. Du Pont de Nemours & Co.*, 958 F.2d 416, 423 (D.C. Cir. 1992); *see also KBR Inc. v. Chevedden*, 2011 WL 1463611, at *3 (S.D. Tex. Apr. 4, 2011) ("[T]he SEC has consistently stated that it will defer to a court's decision [regarding] the exclusion of

shareholder proposals."); *Water Pik, Inc. v. Med-Sys., Inc.*, 2011 WL 843916, at *2 (D. Colo. Mar. 8, 2011) ("[B]ecause the [Trademark Trials and Appeals Board's] findings are advisory to the Court while the Court's decision is binding on the agency, even the Court's resolution of the registration issue benefits judicial efficiency."). Thus, there is no basis for Defendants' assertion that EMC has engaged in "forum shopping." Defs. 2/20 Br. at 3, 6-7. The federal courts are the sole available forum for a binding resolution of the parties' dispute.

"[T]here is little reason to dismiss federal declaratory relief actions that do not involve parallel state court [or other] proceedings." *Standard Fire*, 376 F. Supp. 2d at 231. In the absence of a pending parallel proceeding, abstention will not "conserve judicial resources" or "promote comprehensive disposition of the litigation." *OHI Asset (CT) Lender, LLC v. Woodland Manor Improvement Ass'n*, 687 F. Supp. 2d 12, 22 (D.R.I. 2010); *see also Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 998 (8th Cir. 2005) ("*Wilton* does not apply when there are no parallel state court proceedings."); *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 394 (5th Cir. 2003) ("The absence of any pending related state litigation strengthens the argument against dismissal of the federal declaratory judgment action."); *Fed. Reserve Bank of Atlanta v. Thomas*, 220 F.3d 1235, 1247 (11th Cir. 2000) (same).

*Third*, this action concerns only questions of federal law and thus will not require this Court to "interpret local law without a local court first adumbrating its sweep, thereby rendering the federal court decision advisory in nature." *El Dia, Inc. v. Hernandez Colon*, 963 F. 2d 488, 497 (1st Cir. 1992); *see also Sherwin-Williams*, 343 F.3d at 396 ("The presence of federal law issues must always be a major consideration weighing against surrender of federal jurisdiction."); *Solis v. Home Ins. Co.*, 2011 WL 3841583, at *4 (D.N.H. Aug. 30, 2011) ("[T]he presence, and predominance, of an issue of federal law weighs significantly against abstention.").

*Fourth*, this case does not implicate any "unsettled constitutional questions." *El Dia*, 963 F. 2d at 495 (explaining that declaratory relief is a "last resort" where "the status of the claimed constitutional rights [is] shrouded in uncertainty").

*Fifth*, a declaratory judgment "will be effective in accomplishing its remedial purpose." *Id.* at 498. Defendants do not dispute that a declaratory judgment in EMC's favor will protect EMC from liability by its shareholders. Although Defendants contend that "EMC's claimed injury of a potential enforcement action by the SEC cannot be fully redressed by a favorable judgment against the Defendants" (Defs. 2/19 Br. at 5), the SEC staff has expressly stated that "[o]nly a court such as a U.S. District Court can decide whether a company is obligated to include shareholder proposals in its proxy materials." SEC Div. of Corp. Fin., Informal Procedures Regarding Shareholder Proposals, *available at* http://www.sec.gov/divisions/corpfin/cf-noaction/14a-8-informal-procedures.htm; *see also Express Scripts*, 2014 WL 631538, at *3 ("The SEC has consistently regarded the court, and not the agency, as the formal and binding adjudicator of Rule 14a-8's implementation of section 14(a).").

*Sixth*, "there is no real prospect of a non-judicial resolution of the dispute." *Samsung Elecs. Co., Ltd. v. ON Semiconductor Corp.*, 541 F. Supp. 2d 645, 650 n.5 (D. Del. 2008). EMC has no interest in including in its proxy materials a proposal from a non-shareholder containing false and misleading information, and Defendants have steadfastly refused to withdraw their Proposal. SOF ¶¶ 12-14.[4]

---

[4] Nor did Defendants ever attempt to submit a revised proposal. SOF ¶¶ 12-14. The deadline for Defendants to submit a revised proposal elapsed on November 21, 2013, or "120 calendar days before" the March 21 date of EMC's last proxy statement. 17 C.F.R. § 240.14a-8(e)(2); Roffman Ex. 10. Moreover, a shareholder may only submit a revised proposal to address "minor defects," and a company is "not required" to accept a shareholder's revised proposal. *Express Scripts*, 2014 WL 631538, at *5; *see also* SEC Staff Legal Bulletin No. 14F, 2011 WL 4957509, at *5 (Oct. 18, 2011); *Coca-Cola Co.*, 2014 WL 316667, at *1 (Jan. 16, 2014) (SEC concurrence with exclusion of a revised proposal received after deadline under SEC Rule 14a-8(e)(2)).

## C.  EMC Has Not Waived Its Right To Request A Declaratory Judgment

Defendants' assertion that EMC has "waived its right to request a declaratory judgment" (Defs. 2/20 Br. at 5) is meritless.  Indeed, Defendants do not cite any case in which a court has held that a company's alleged failure to submit a Rule 14a-8(j) notice to the SEC precluded the company's right to seek declaratory relief in court.  Nor could they.  The SEC cannot limit the jurisdiction of a federal court through its rules.  Moreover, the SEC itself has made clear that "the Commission and its staff do not purport in any way to issue 'rulings' or 'decisions' on shareholder proposals," and that "nothing the Commission or its staff does or omits to do in connection with such proposals affects the right of the proponent [or the company] . . . to institute a private action."  SEC Statement of Informal Procedures, 41 Fed. Reg. at 29,990.

In any event, EMC did submit a Rule 14a-8(j) letter to the SEC.  On December 20, 2013, or 84 calendar days before March 14, 2014, the date on which EMC's proxy materials are scheduled to be finalized, EMC filed a letter with the SEC "pursuant to Rule 14a-8(j)" and "concurrently sent copies" of the letter to Defendants.  (Ex. H).  The Rule 14a-8(j) letter was also attached as an exhibit to EMC's Complaint.  There is thus no excuse for Defendants' false assertion that "EMC has failed to give the notice required by Rule 14a-8(j)."  Defs. 2/20 Br. at 6.[5]

---

[5]  Elsewhere in their brief, Defendants contradict themselves by acknowledging that EMC did submit a Rule 14a-8(j) notice to the SEC.  *See* Defs. 2/20 Br. at 7.  Although Defendants criticize EMC for raising "only one ground" for exclusion in the Rule 14a-8(j) notice, there is no requirement that EMC "advise the SEC staff of each ground" on which the Proposal is defective before filing suit.  *Id.*  The SEC has made clear that Rule 14a-8(j) notices are "informational only," SEC Statement of Informal Procedures, 41 Fed. Reg. at 29,990, and that it is "not required to respond" to a Rule 14a-8(j) notice, SEC Staff Legal Bulletin No. 14, 2001 WL 34886112, at *5 (July 13, 2001).  Moreover, any responses that the SEC staff provides "do not and cannot adjudicate the merits of a company's position with respect to the proposal."  SEC Div. of Corp. Fin., Informal Procedures Regarding Shareholder Proposals, *available at* http://www.sec.gov/divisions/corpfin/cf-noaction/14a-8-informal-procedures.htm.  Thus, EMC's claims cannot be conclusively resolved by the SEC, and neither the alleged failure to submit a Rule 14a-8(j) notice nor alleged deficiencies in a Rule 14a-8(j) notice can preclude or circumscribe the grounds upon which a company may seek declaratory relief in court.  *See McCarthy v. Madigan*, 503 U.S. 140, 147-48 (1992) (administrative exhaustion is not required where agency does not "grant the type of relief requested" or where the plaintiff "may suffer irreparable harm if unable to secure immediate judicial consideration of his claim").

## D.    EMC Has A Private Right Of Action

Defendants also ask this Court to ignore 40 years of precedent, including *J.I. Case Co. v. Borak*, 377 U.S. 426 (1964), *Roosevelt v. E.I. Du Pont de Nemours & Co.*, 958 F.2d 416, 429 (D.C. Cir. 1992), *KBR v. Chevedden*, 478 F. App'x 213 (5th Cir. 2012), *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 228 (3d Cir. 2007), and *AFSCME v. Am. Int'l Grp., Inc.*, 462 F.3d 121, 124-31 (2d Cir. 2006), and hold that there is no private right of action under Section 14(a).  *See* Defs. 2/19 Br. at 5-10.

Defendants do not cite a single case in which a court has held that an issuer such as EMC has no private right of action against its shareholders under Section 14(a).[6]  Instead, without attaching a copy of the relevant transcript from *PETA v. Merck & Co.*, No. 1:11-cv-00765 (D.D.C.), Defendants assert that "at least one [district court] judge has expressed qualms that [*Roosevelt*] is still good law.  Defs. 2/19 Br. at  9.  What the transcript from *PETA* actually shows, however, is that the district court judge noted that the D.C. Circuit in *Roosevelt* specifically undertook an independent analysis in light of post-*Borak* decisions, including *Virginia Bankshares, Inc. v. Sandberg*, 501 U.S. 1083 (1991) and *Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979), and that the holding of *Borak* has never been overruled:

---

[6]    The following is a non-exhaustive list of cases in which courts have adjudicated Section 14(a) claims brought by an issuer against a shareholder.  *See Waste Connections*, 2014 WL 554566, at *2; *KBR*, 478 Fed. App'x at 215; *CNW Corp. v. Japonica Partners, L.P.*, 874 F.2d 193 (3d Cir. 1989); *Fla. Commercial Banks v. Culverhouse*, 772 F.2d 1513 (11th Cir.1985); *Gen. Time Corp. v. Talley Indus., Inc.*, 403 F.2d 159 (2d Cir. 1968); *Greater Iowa Corp. v. McLendon*, 378 F.2d 783 (8th Cir. 1967); *Express Scripts*, 2014 WL 631538 at *4-6; *Apache Corp. v. Chevedden*, 696 F. Supp. 2d 723 (S.D. Tex. 2010); *In re Verilink Corp.*, 2009 WL 5195948 (Bankr. N.D. Ala. Mar. 30, 2009); *Delcath Sys., Inc. v. Ladd*, 2006 WL 2708459 (S.D.N.Y. Sept. 20, 2006); *Bally Total Fitness Holding Corp. v. Liberation Invs., L.P.*, 2005 WL 3525679 (D. Del. Dec. 22, 2005); *meVC Draper Fisher Jurvetson Fund I, Inc. v. Millenium Partners, L.P.*, 260 F. Supp. 2d 616 (S.D.N.Y. 2003); *Hollywood Casino Corp. v. Simmons*, 2002 WL 1610598 (N.D. Tex. July 18, 2002); *Lone Star Steakhouse & Saloon, Inc. v. Adams*, 148 F. Supp. 2d 1141 (D. Kan. 2001); *ONBANCorp., Inc. v. Holtzman*, 956 F. Supp. 250 (N.D.N.Y. 1997); *Mason-Dixon Bancshares, Inc. v. Anthony Invs., Inc.*, 1997 WL 33482710 (D. Md. Mar. 3, 1997); *Int'l Jensen Inc. v. Emerson Radio Corp.*, 1997 WL 43229 (N.D. Ill. Jan. 24, 1997); *Capital Real Estate Investors Tax Exempt Fund Ltd. P'ship v. Schwartzberg*, 917 F. Supp. 1050 (S.D.N.Y. 1996); *Int'l Broad. Corp. v. Turner*, 734 F. Supp. 383 (D. Minn. 1990); *Ameribanc Investors Grp. v. Zwart*, 706 F. Supp. 1248 (E.D. Va. 1989); *In re Haas*, 36 B.R. 683 (Bankr. N.D. Ill. 1984); *Camelot Indus. Corp. v. Vista Res., Inc.*, 535 F. Supp. 1174 (S.D.N.Y. 1982); *Calumet Indus., Inc. v. MacClure*, 464 F. Supp. 19 (N.D. Ill. 1978).

THE COURT: . . . One of the arguments you make is that *Roosevelt* isn't good law anymore. And you say that because of the *Sandoval* decision. But the *Roosevelt* court certainly expressly considered *Virginia Bankshares* and *Touche Ross*, and the fact that according to the Supreme Court law as it understood it, there was a very high hurdle to overcome before you could apply a private right of action. And the Supreme Court has had the opportunity to overrule *Borak* but it hasn't.

(Roffman Ex. 11).

Defendants purport to rely on *Alexander v. Sandoval*, 532 U.S. 275 (2001), but *Sandoval* did not address Section 14(a) of the Exchange Act, and "the Supreme Court has not overruled *Borak*'s holding that § 14(a) creates a private right of action." *KBR*, 478 F. App'x at 215 n.1. Thus, no amount of speculation by Defendants as to what the Supreme Court might hold if it were to one day address the question again is relevant. *See Agostini v. Felton*, 521 U.S. 203, 237 (1997) ("If a precedent of th[e] [Supreme] Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to th[e] [Supreme] Court the prerogative of overruling its own decisions.); *U.S. v. Symonevich*, 688 F.3d 12, 19 n.4 (1st Cir. 2012) ("[A]n argument that the Supreme Court has implicitly overruled one of its earlier decisions is suspect.").

Moreover, the *Sandoval* court relied on the principles set forth in *Touche Ross* and *Virginia Bankshares*, just like the D.C. Circuit did in *Roosevelt*. *Compare Sandoval*, 532 U.S at 286-87, 291, *with Roosevelt*, 958 F.2d at 418-25. Thus, in concluding that "[a] private right of action is properly implied from section 14(a) of the Act," the D.C. Circuit in *Roosevelt* expressly recognized "the primacy of the statutory text to any decision recognizing a private right of action." 958 F.2d at 420-23.

Defendants insist that *Roosevelt* and *Borak* "cannot be reconciled" with *Sandoval* (Defs. 2/19 Br. at 9), but courts have come to the exact opposite conclusion because of the "rights-creating" language contained in Section 14(a):

> [W]hile the methodology applied in *Borak*, 377 U.S. at 426, 84 S. Ct. 1555 is no longer good law, the Court ultimately found that violation of § 14(a) of the Exchange Act afforded a private cause of action; a section that makes it "*unlawful* for a person to solicit proxies in violation of rules prescribed by the Securities and Exchange Commission." [15 U.S.C. § 78n(a)(1)] (emphasis added). Given that § 14 used "rights-creating" language that was identified in *Touche*, it would follow that [the] Supreme Court would have come to the same result had the same section be[en] adjudicated under the more restrictive approach in *Sandoval* (which adopted *Touche*).

*Landegger v. Cohen*, 2013 WL 5951706, at *10 n.13 (D. Colo. Nov. 17, 2013).[7]

There is simply *no* authority for Defendants' contention that EMC lacks a private right of action under Section 14(a).

### E. The SEC Is Not An Indispensable Party

Contrary to Defendants' assertion that EMC should "sue the SEC" (Defs. 2/20 Br. at 7), it is well established that the SEC is not a proper party where the relief sought can be obtained in a lawsuit solely between a company and a shareholder. *NYCER*, 45 F.3d at 14. Thus, courts have repeatedly adjudicated lawsuits between public companies, on the one hand, and proponents of shareholder proposals, on the other, regarding the compliance of purported shareholder proposals with applicable SEC requirements. *See*, *e.g.*, *Waste Connections*, 2014 WL 554566, at *2; *KBR*, 478 F. App'x at 215; *Express Scripts*, 2014 WL 631538, at *4-6; *Apache* Final Judgment (Roffman Ex. 5); *AFSCME*, 462 F.3d at 124-31; *May Dep't Stores*, 1993 WL 362389, at *2.

Defendants do not, and cannot, cite any case in which a court has held that the SEC is an indispensable party to such actions. Nor do Defendants cite any authority for their assertion that "an order by this Court cannot preclude the SEC from independently determining that EMC violated Rule 14a-8 and bringing an enforcement action." Defs. 2/19 Br. at 11. And with good reason: "[T]he S.E.C. has consistently stated that it will defer to a court's decision [regarding]

---

[7] *Wisniewski v. Rodale*, 510 F.3d 294 (3d Cir. 2007) likewise recognized that the method for determining whether a private right of action exists has changed, not that the holding of *Borak* had been overruled. *Id.* at 298-301. Indeed, in a decision issued the same year as *Wisniewski*, the Third Circuit recognized that there is "an implied private right of action under § 14(a)." *Tracinda*, 502 F.3d at 228. Defendants' reliance on *Rauchman v. Mobil Corp.*, 739 F.2d 205 (6th Cir. 1984) is similarly misplaced because the court there expressly "assume[d]" that "an implied private cause of action exists under section 14(a)." *Id.* at 208.

the exclusion of shareholder proposals." *KBR*, 2011 WL 1463611, at *3; *see also Roosevelt*, 958 F.2d at 424 ("The Commission has consistently regarded the court, and not the agency, as the formal and binding adjudicator of Rule 14a-8's implementation of section 14(a).").

There is simply *no* authority for Defendants' contention that the SEC is a "required party" under Rule 19(a), much less an "indispensable party" under Rule 19(b). *See KBR*, 776 F. Supp. at 429-30 (explaining that SEC's own statements show that it is neither a required nor indispensable party to an action between a company and a proponent of a shareholder proposal over whether the company is obligated to include a shareholder proposal in its proxy materials).

## II. SUMMARY JUDGMENT SHOULD BE GRANTED IN EMC'S FAVOR

Defendants make virtually no attempt to dispute the merits of EMC's claims. *See* Defs. 2/20 Br. Accordingly, summary judgment should be granted in EMC's favor. *See Waste Connections*, 2014 WL 554566, at *1-2 (affirming summary judgment ruling that "WCN could exclude the Defendants' proposal pursuant to Rule 14a–8"); *KBR*, 478 F. App'x at 214-15 (affirming summary judgment ruling that "Chevedden was not eligible to have his proposal included in KBR's proxy materials").

### A. Defendants Do Not Dispute Any Of The Facts Set Forth In EMC's Rule 56.1 Statement Of Undisputed Material Facts

Defendants are frequent litigants and know how to submit a statement of disputed facts in opposition to a motion for summary judgment. Just last month, for example, Chevedden filed a 23-paragraph Statement of Uncontroverted Material Facts, a 4-paragraph Statement of Disputed Material Facts, and a supporting 14-paragraph Affidavit with annexed exhibits in opposition to the plaintiff's motion for summary judgment in *Express Scripts*. (Roffman Exs. 12-14).

Here, however, Defendants have opted not to submit any such statement, supporting affidavit, or evidence in opposition to EMC's motion for summary judgment. *See* Local Rule

56.1 ("A party opposing [a summary judgment] motion shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions, and other documentation.").

Because Defendants have not submitted a statement of disputed facts or otherwise disputed the facts material to EMC's motion, the facts set forth in EMC's Rule 56.1 Statement of Undisputed Material Facts (ECF No. 14) are deemed admitted. *See* Fed. R. Civ. P. 56(e); *Stonkus v. City of Brockton Sch. Dep't*, 322 F.3d 97, 102 (1st Cir. 2003) ("Because Stonkus did not controvert the statement of undisputed material facts that the defendants filed with their summary judgment motion, we deem those facts admitted . . . ."); *Salemeh v. Duval*, 2014 U.S. Dist. LEXIS 21858, at *1-2 (D. Mass. Feb. 21, 2014) ("Salemeh . . . brought this *pro se* lawsuit . . . [D]efendant' factual assertions are deemed admitted by Salemeh's failure to dispute them.") (citing Local Rule 56.1); *Maurice Sedwell, Ltd. v. Novak*, 2010 WL 3385329, at *1 (D. Mass. Aug. 24, 2010) (where *pro se* defendant did not file statement in opposition to plaintiff's Rule 56.1 statement, "[the plaintiff's] preferred facts are deemed admitted").

**B.      The Undisputed Facts Make Clear That Chevedden Does Not Satisfy The Threshold Eligibility Requirement That A Shareholder Proposal Be Made By An Actual Shareholder**

There is no dispute that Chevedden "has not provided any evidence that he owns any EMC shares."  SOF ¶ 10.  Instead, Chevedden has submitted a letter from McRitchie to EMC stating that "[t]his is my proxy for John Chevedden and/or his designee to forward this Rule 14a-8 proposal to the company" for inclusion in EMC's proxy materials.  *Id.* ¶ 11.  Defendants do not identify any authority for the submission of a "proxy-proposal-by-proxy" and do not dispute that Chevedden attempted this exact same "proxy-proposal-by-proxy" in connection with a proposal that he submitted to Waste Connections.  In *Waste Connections*, the court granted summary judgment in the company's favor and ordered that Chevedden's shareholder proposal "may be

excluded from WCN's proxy statement pursuant to 17 C.F.R. § 240.14a-8" after the company

argued, among other things, that Rule 14a-8(b) foreclosed Chevedden's attempt to impose a

"proxy-proposal-by-proxy." *Compare* Roffman Ex. B at 1-2, *with* Roffman Ex. C at 14-16.[8]

Because Chevedden does not satisfy the threshold requirement that a proponent of a

shareholder proposal provide evidence that he has "continuously held at least $2,000 in market

value, or 1%, of the company's securities entitled to be voted on the proposal at the meeting for

at least one year by the date you submit the proposal," 17 C.F.R. § 240.14a-8(b), summary

judgment should be granted in EMC's favor.

C. **The Undisputed Facts Make Clear That The Chevedden Proposal Is Defective On Multiple Grounds**

Summary judgment also should be granted in EMC's favor because the undisputed facts

make clear that the Proposal is excludable pursuant to SEC Rule 14a-8 on multiple grounds.

- Defendants have not disputed that the Chevedden Proposal seeks to "require the Chair of [the] Board of Directors to be an independent member of [the] Board," but does not explain which of the many different standards for "independence" in the corporate governance context should be applied.  SOF ¶¶ 16-17; *see also McKesson Corp.*, 2013 WL 1343574, at *1 (Apr. 17, 2013) (SEC concurrence with exclusion of shareholder proposal that company's chairman be an independent director because the proposal did not define the term "independent director" and thus "shareholders would not be able to determine with any reasonable certainty exactly what actions or measures the proposal requires").

- Defendants have not disputed that publicly available information to which Chevedden has access directly refutes his assertion in the Proposal that "[n]ot one independent director [of EMC] had expertise in risk management."  SOF ¶¶ 19-22.  Nor have Defendants disputed that a false statement in EMC's proxy materials about the qualifications of EMC's directors with regard to risk management would be material to shareholders being asked to vote for the election of directors in the same proxy materials.  *See Express Scripts*, 2014 WL 631538, at *4 (granting summary judgment in company's favor because of "misstatements" in Chevedden proposal that were "material and, therefore, not in compliance with SEC rules and regulations").

---

[8]   *See also TRW, Inc.*, 2001 SEC No-Act. LEXIS 102, at *1 (Jan. 24, 2001) (SEC concurrence with company's view that it "may exclude the proposal under rule 14a-8(b) because Thomas Wallenberg is a nominal proponent for John Chevedden, who is not eligible to submit a proposal to TRW").

- Defendants have not disputed that the Chevedden Proposal contains gratuitous statements about EMC's "environmental impact disclosures," "campaign contributions," "executive pay," "ability to issue blank-check preferred stock as a management takeover defense," and "shareholder class action litigation risk" that are irrelevant to the Proposal that the Chair of EMC's Board be "independent." SOF ¶ 23; *see* SEC Staff Legal Bulletin No. 14B, 2004 WL 3711971, at *4 (Sept. 15, 2004) (explaining that a proposal is properly excluded under SEC Rule 14a-8(i)(3), 17 C.F.R. § 240.14a-8(i)(3), if it contains statements that are "irrelevant to a consideration of the subject matter of the proposal"); *Boise Cascade Corp.*, 2001 WL 78277, at *1 (Jan. 23, 2001) (same).

- Defendants have not disputed that (i) four of the seven paragraphs in the supporting statement to the Chevedden Proposal refer to and rely upon non-public source material from an entity called GMI Ratings; (ii) the GMI Ratings website describes multiple different products for sale; (iii) Chevedden has nonetheless refused to provide the GMI Ratings report(s) upon which the supporting statement in the Proposal relies; (iv) neither EMC nor its shareholders can verify that the statements in the Proposal accurately reflect the contents of the GMI Ratings report(s); and (v) Chevedden has acknowledged "errors" in a prior shareholder proposal due to "data supplied by GMI" that was "out of date." SOF ¶¶ 24-29; *see also Express Scripts*, 2014 WL 631538, at *2-6 (excluding Chevedden proposal relying on purported data from GMI Ratings).

Because the Chevedden Proposal is defective on multiple grounds that Defendants have not disputed, summary judgment should be granted in EMC's favor. *See Express Scripts*, 2014 WL 631538, at *6 (entering summary judgment ruling that "Express Scripts may properly exclude the [Chevedden] Proposal . . . in accordance with SEC Rules 14a-8 and 14a-9").

## III.  **ALTERNATIVELY, A PRELIMINARY INJUNCTION SHOULD BE ENTERED**

Alternatively, the Court should enter an order enjoining Defendants, pending a trial on the merits, from continuing to seek the inclusion of the Chevedden Proposal in EMC's proxy materials or otherwise presenting the Chevedden Proposal at the 2014 annual meeting. *See Steffel v. Thompson*, 415 U.S. 452, 462 (1974) (explaining that requests for injunctive relief may properly be considered "independently" of requests for declaratory relief); *Aoude v. Mobil Oil Corp.*, 862 F.2d 890, 893-94 (1st Cir. 1988) (explaining that where "the critical facts are undisputed" and "the availability of documented evidence dispels the need for taking testimony," a court may properly enter an injunction "on the papers").

All of the prerequisites for a preliminary injunction are easily satisfied here.

*First*, as reflected by Defendants' failure to dispute the merits of EMC's claims, there is a "strong likelihood of success" on the merits of EMC's claims. *Companion Health Servs., Inc. v. Hirsch*, 2007 WL 494998, at \*1 (D. Mass. Feb. 13, 2007) (granting preliminary injunction).

*Second*, Defendants do not, and cannot, dispute that irreparable injury results if shareholders are "deprived of their statutory rights to receive accurate information, and to be free of deceptive information, bearing on their investment and voting decisions." *Bender v. Jordan*, 439 F. Supp. 2d 139, 176 (D.D.C. 2006). The inclusion of the Chevedden Proposal, which contains a statement about EMC's directors that is demonstrably false and statements that are irrelevant to the Proposal but that gratuitously criticize EMC and its directors (SOF ¶¶ 19-23), would impugn the reputation of EMC and its directors, and the resulting disparagement would "not accurately [be] measurable or adequately compensable by money damages." *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 19 (1st Cir. 1996). Moreover, the inclusion of these misleading statements would likely distort other shareholders' views and taint the vote at the 2014 annual meeting of EMC's shareholders. *See Lichtenberg v. Besicorp Grp.*, 43 F. Supp. 2d 376, 390 (S.D.N.Y. 1999) ("[T]he shareholders were forced to vote on the basis of a materially misleading Proxy. This alone establishes the irreparable harm sought to be prevented by § 14(a)."). Defendants do not cite any authority to the contrary.

*Third*, in contrast to the irreparable harm that EMC will suffer if no interim injunctive relief is granted, Defendants have not identified any harm that they would suffer if interim injunctive relief preventing the dissemination of the false and misleading information in the Chevedden Proposal is granted. *See Capital Real Estate v. Schwartzberg*, 917 F. Supp. 1050, 1065 (S.D.N.Y. 1996) (where relief sought is compliance with securities laws, the balance of hardships "tips decidedly in favor of the plaintiffs").

*Fourth*, it is well established that the public interest is served by the "effective enforcement of the securities laws." *Bender*, 439 F. Supp. 2d at 178. Defendants assert that it would not serve the public interest to grant injunctive relief where a shareholder proposal is "completely proper" (Defs. 2/20 Br. at 6), but ignore that the undisputed facts here make clear that the Chevedden Proposal is *improper* on multiple different grounds. To use Defendants' words, it would "undermine shareholder democracy" (Defs. 2/20 Br. at 6) if interim injunctive relief were not granted and EMC were forced to include an improper proposal from a non-shareholder in its proxy materials and hold a shareholder vote on the non-shareholder's proposal at the 2014 annual meeting of EMC's shareholders.

## CONCLUSION

For all these reasons, the Court should grant summary judgment in Plaintiff's favor or, in the alternative, enter a preliminary injunction until a final merits determination can be made.

Dated: March 4, 2014

EMC CORPORATION
By its attorneys,

/s/ Ian D. Roffman
Ian D. Roffman (BBO # 637564)

Paul T. Dacier (BBO #616761)
Susan I. Permut (BBO #551649)
Leigh Earls Slayne (BBO #567865)
EMC CORPORATION
176 South Street
Hopkinton, Massachusetts 01748
Phone: (508) 435-1000

NUTTER McCLENNEN & FISH LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts 02210-2604
Phone: (617) 439-2421
iroffman@nutter.com

Adam H. Offenhartz (*applicant for pro hac vice*)
Indraneel Sur (*applicant for pro hac vice*)
Ilissa Samplin (*applicant for pro hac vice*)
GIBSON, DUNN & CRUTCHER
200 Park Avenue
New York, New York 10166
Phone: (212) 351-4000

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2014, this document (filed through the ECF system) will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

/s/  Ian D. Roffman